# EXHIBIT A

1 | Beth K. Findsen (023205)
  | Law Office of Beth K. Findsen, PLLC
2 | 7279 East Adobe Drive, Suite 120
  | Scottsdale, AZ 85255
3 | (480) 584-6664
  | beth@findsenlaw.com
4 | *Attorney for Plaintiffs*

5

6                    **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

7                       **IN AND FOR THE COUNTY OF MARICOPA**

8                                                  Case No.  CV2012-056169

9  | MARC J. FINDSEN and BETH K. FINDSEN,
   |                                                          **SUMMONS**
   |                 Plaintiff,

10

11 | v.

12 | TIFFANY & BOSCO, P.A.                        If you would like legal advice from a lawyer,
   |                                              contact the Lawyer Referral Service at
   |                 Defendants.
13 |                                                          602-257-4434
   |                                                              or
14 |                                                      www.lawyerfinders.org.

15 |                                                       Sponsored by the
   |                                              Maricopa County Bar Association
   | **THE STATE OF ARIZONA** to the Defendant(s):

16

17 |        TIFFANY & BOSCO, P.A.

18 |        **YOU ARE HEREBY SUMMONED** and required to appear and defend within the
   | time applicable, in this action in this court. If served within Arizona, you shall appear and
19 | defend within 20 days after the service of the Summons and Complaint upon you, exclusive
   | of the day of service. If served out of the State of Arizona—whether by direct service, by
20 | registered or certified mail, or by publication -- you shall appear and defend within 30 days
   | after service of the Summons and Petition/Complaint upon you is complete, exclusive of the
21 | day of service. Service with registered or certified mail out of the State of Arizona is complete
   | 30 days after the date of filing the receipt and affidavit of service with the Court. Service by
22 | publication is complete 30 days after the date of first publication. Direct service is complete
   | when made. **A.R.C.P. Rule 4; A.R.S. §§25-311 to 25-381.24.**

23 |        **YOU ARE HEREBY NOTIFIED** that in case of your failure to appear and defend
24 | within the time applicable, judgment by default will be taken against you for the relief
   | demanded in the Complaint.

25 |        **YOU ARE CAUTIONED** that in order to appear and defend, you must file an
26 | Answer or proper response in writing with the Clerk of this Court, accompanied by the
   | necessary filing fee, within the time required, and you are required to serve a copy of any
27 | Answer or response upon the Plaintiff's attorney. **A.R.C.P. 10(D); A.R.S. §12-311; A.R.C.P.**
   | **Rule 5**

28

                                        -1-

1    REQUESTS FOR REASONABLE ACCOMMODATION FOR PERSONS WITH
     DISABILITIES MUST BE MADE TO THE DIVISION ASSIGNED TO THE CASE BY
2    PARTIES AT LEAST 3 JUDICIAL DAYS IN ADVANCE OF A SCHEDULED COURT
     PROCEEDING.

3    **THE NAME AND ADDRESS OF THE PLAINTIFFS' ATTORNEYS IS:**

4                        Beth K. Findsen (023205)
                 LAW OFFICE OF BETH K. FINDSEN, PLLC
5                   7279 East Adobe Drive, Suite 120
                         Scottsdale, AZ 85255
6                           (480) 584-6664
                        beth@findsenlaw.com
7

8    SIGNED AND SEALED this date: _____

9                              MARICOPA COUNTY SUPERIOR COURT

10                                          COPY

11                             By_____ OCT 1 2 2012

12                             Deputy Clerk       MICHAEL K. JEANES, CLERK
                                                      S. DONAHOE
13                                                  DEPUTY CLERK

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                  -2-

COPY

OCT 1 2 2012



MICHAEL K. JEANES, CLERK
S. DONAHOE
DEPUTY CLERK

1   Beth K. Findsen (023205)
    Law Office of Beth K. Findsen, PLLC
2   7279 East Adobe Drive, Suite 120
    Scottsdale, AZ 85255
3   (480) 584-6664
    beth@findsenlaw.com
4   *Attorney for Plaintiffs*

5

6               IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

7                   IN AND FOR THE COUNTY OF MARICOPA

8                                   Case No.  CV 2012-056169
    MARC J. FINDSEN and BETH K. FINDSEN,
9
            Plaintiffs,
10
    v.                              **CERTIFICATE OF COMPULSORY**
11                                         **ARBITRATION**
    TIFFANY & BOSCO, P.A.
12
            Defendant.
13

14

15          The undersigned certifies that the largest award sought by the complainant,

16  including punitive damages, but excluding interest, attorney's fees, and cost does not

17  exceed limits set by Local Rule for compulsory arbitration.  This case is subject to the

18  Uniform Rules of Procedure for Arbitration.

19

20          DATED:      October 12, 2012

21                                  LAW OFFICE OF BETH K. FINDSEN PLLC

22

23                                  By: *Beth K Findsen*

24                                      Beth K. Findsen (023205)
                                        *Attorney for Plaintiff*
25

26

27

28
                                    -1-

COPY



OCT 1 2 2012

MICHAEL K.JEANES, CLERK
S. DONAHOE
DEPUTY CLERK

1  Beth K. Findsen (023205)
   Law Office of Beth K. Findsen, PLLC
2  7279 East Adobe Drive, Suite 120
   Scottsdale, AZ 85255
3  (480) 584-6664
   beth@findsenlaw.com
4  *Attorney for Plaintiff*

5

6          **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

7              **IN AND FOR THE COUNTY OF MARICOPA**

8  MARC J. FINDSEN and BETH K. FINDSEN, Case No. CV2012-056169

9                                         **ORIGINAL COMPLAINT**

10

11         Plaintiffs,

12 v.

13 TIFFANY & BOSCO, PA

                                          (Demand for Jury Trial).

14

15         Defendant.

16

17                      **ORIGINAL COMPLAINT**

18     COMES NOW Plaintiff Marc J. Findsen and Beth K. Findsen (hereinafter

19 "Plaintiffs") and for his verified Complaint hereby alleges and states under oath as follows:

20                          **THE PARTIES**

21     1.    Plaintiffs are residents of the County of Maricopa, State of Arizona, holding

22 the Subject Property since August 9, 2004.

23     2.    Defendant, Tiffany & Bosco, PA is a professional association incorporated in

24 the State of Arizona.

25

26

27

28

                                    -1-

**JURISDICTION**

3.      This action is brought under A.R.S. Title 12, Chapter 8, Article 1, Sections 12-1101 et seq; A.R.S. Title 33, Chapter 4, Section 420; Title 33, Chapters 6 and 6.1, et seq; and all other applicable statutes as noted herein; and for all other relief in equity and at law.

4.      The Real Property is located in Maricopa County, Arizona with the following legal description:

> LOT 180, GRAYHAWK VILLAGE 1, PARCEL 1gli,PHASE II,
> ACCORDING TO BOOK 425 OF MAPS, PAGE 23, RECORDS
> OF MARICOPA COUNTY, ARIZONA.

5.      The commonly known address is 7749 East Buteo Drive, Scottsdale, Arizona 85255. ("Subject Property").

**GENERAL ALLEGATIONS**

6.      On or about August 9, 2004, Plaintiffs refinanced their home mortgage with National City Mortgage Co., who was named "Note Holder" and "Lender" on the Note and Deed of Trust, respectively.

7.      As early as July 2, 2009, Plaintiffs, current on their loan, wrote to National City Mortgage to determine the identity of their current "Lender" under their Deed of Trust, and the identity of the "Note Holder" of their Note, and the correct beneficiary, defined as "person for whose benefit a trust deed is given" by A.R.S. §33-801(1).

8.      National City employees, and subsequently, PNC employees, by phone, and in writing, refused to give this basic information to Plaintiffs, including the identity of Plaintiffs' Lender.

-2-

9.      Plaintiffs told National City that they were interested in paying off the Note in full, but needed to know they were paying the correct party who could satisfy and release the obligation.

10.      Paragraph 5 of Plaintiffs' Note states "I have the right to make payments of principal at any time before they are due" and that [w]hen I make a Prepayment, I will tell the Note Holder in writing that I am doing so." Paragraph 1 on Plaintiffs' Note defines the Note Holder as "Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note." PNC Mortgage is not the Note Holder.

11.      On May 24, 2010, PNC Mortgage, claiming to have succeeded to National City's servicing rights, in response to Plaintiffs' inquiry of the identity of the Note Holder or successor Lender, stated "PNC Mortgage is not permitted to release the private investor's information to you, as the release of such information would be a violation of the established servicing agreement."

12.      On June 30, 2010, Plaintiffs, still current in paying the evasive PNC for a Note Holder and Lender that it would not identify, and still wanting to pay off their loan, wrote to PNC, stating that they believed the account to be in error, because "I am interested in settling my note, or even possibly pay it off entirely but would need a full accounting," and to "Please provide this information immediately, I have asked several times and you have avoided basic questions," and "If you are a valid servicer for a valid creditor, please provide proof of authority to act, and proof of the creditor's ownership of my note (and that is validly secured by the deed of trust."

13.      On July 20, 2010, Plaintiffs, still current and still wanting to pay off their loan, again wrote PNC and told it they were not authorized to share or use Plaintiffs' personal information, especially in light of their refusal "to even answer the simple question of 'for what entity do you claim to be servicing either of my loans?" Plaintiffs further stated "I have sent you qualified written requests, debt validation letters, and Truth in Lending §1641(g) requests, and yet you have consistently obfuscated providing any

-3-

answers, much less a truthful answer." PNC was advised, "Do not share our information even within PNC until you can show you do have an existing relationship with me and I have verified and approved of its authenticity."

14. On March 4, 2011, PNC wrote to Plaintiffs that they had not paid their property taxes of $2,821.70, although Plaintiffs had paid and provided proof of payment from the Maricopa County Treasurer's Office.

15. On April 11, 2011, Plaintiffs, again still current and still wanting to pay off their loan, wrote to PNC to contest a bill received with incorrect escrow charges and projections, inexplicably claiming a "total escrow shortage" of $3,400.33.

16. On April 22, 2011, PNC wrote another misleading letter, this time claiming that Plaintiffs had failed to provide proof of flood insurance. This information was provided again.

17. On June 13, 2011, PNC refused to accept Plaintiffs' ordinary payment of $1,542.00, stating "we are unable to apply to your loan because your required monthly payment is $1,858.41." There was no explanation of the supposed $316.41 extra.

18. On July 13, 2011, PNC wrote a letter stating that "we have a partial reinstatement in the amount of $1,542.00 toward the past due amount of $3,716.82." "Your funds will be held in a suspense account until July 27, 2011." None of these figures were accurate or substantiated.

19. On July 20, 2011, PNC sent notice that the 12-Month LIBOR Index change would make the new payment rate $1,411.19 instead of $1,465.32.

20. On July 26, 2011, PNC returned a check for $1,468.73 to Plaintiffs, falsely claiming that "the amount received is not sufficient to reinstate your loan from default."

21. On or about October 14, 2011, Defendant Tiffany & Bosco, P.A. Financial Services Department ("Tiffany & Bosco") mailed to Plaintiffs a collection letter demanding payment for an alleged debt in the original principal amount of $276,758.05 "Plus those charges that continue to accrue until the loan is paid such as interest, late

-4-

1  charges, advances, expenses of collection, and attorney's/trustee's fees," allegedly due to
2  PNC Mortgage, a division of PNC Bank, NA. ("PNC Mortgage"). (*See* attached **Exhibit**
3  **"A"**, a true and correct copy of the October 14, 2011 letter).

4       22.    The October 14, 2011 Letter stated a blank where the name of the creditor
5  (current beneficiary) was supposed to be, appearing like this:

6            a.    The creditor to whom the debt is owed is:

7            b.    The loan servicer is:  PNC Mortgage, a division of PNC Bank, NA.
8            **(Exhibit "A")**.

9       23.    The Letter further stated falsely that there had been a "date of default" of
10  June 1, 2011, and that the debt would include "late charges, periodic adjustments to the
11  payment amount, expenses of collection, and attorney's/trustees fees, as further described
12  in the Statement of Breach and Non-Performance attached to the Notice of Trustee's Sale."
13  **(Exhibit "A", ¶1)**(emphasis added).  This information was false, as there had been no
14  Statement of Breach and Non-Performance, and there had been no Notice of Trustee's
15  Sale, nor was one authorized.

16       24.    The alleged debt of Plaintiffs, [Plaintiff]s was incurred for personal, family,
17  or household services, i.e. refinancing a purchase money mortgage for their principal
18  residence.

19       25.    Defendant's letter dated October 14, 2011, was received by Plaintiffs at their
20  residence in Scottsdale, Arizona, on or about October 18, 2011.

21       26.    When mailing Plaintiffs the October 14, 2011 letter, Defendant Tiffany &
22  Bosco was acting as a debt collector for Defendant PNC Mortgage.  It was not the Trustee
23  under the Plaintiffs' Deed of Trust, nor had a trustee sale been initiated.

24       27.    On or about November 14, 2011, Plaintiffs wrote Tiffany and Bosco a Debt
25  Validation Letter and Notice of Dispute, informing Tiffany and Bosco, "We dispute the
26  amount of the debt owed, as well as the identity of the claimed current beneficiary.  PNC
27
28

1  Bank, NA is a servicer, and has disavowed an ownership interest in our note." (*See* **Exhibit "B"**).

2

3      28.   As a result of the Defendant's actions causing publication of a non-existent

4  foreclosure on "pre-foreclosure lists," Plaintiffs received numerous annoying phone calls

5  from various companies offering debt counseling and management services.

6      29.   Defendant's actions caused Plaintiffs further embarrassment before their

7  minor children, and their friends and neighbors who became aware of the alleged

8  foreclosure sale.  In addition, Plaintiff received comments from current and potential

9  clients of her law practice causing anxiety and embarassment.

10      30.   As a result of the acts alleged above, Plaintiffs incurred attorney's fees and

11  time to respond to and litigate the dispute.

12      31.   As a result of the acts alleged above, Plaintiffs suffered incurred additional

13  expenses in contesting the alleged debt.

14  

**COUNT ONE**

15  **Violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692, et seq.)**

16  **(Defendant Tiffany & Bosco)**

17      32.   Plaintiffs incorporate by reference each of the allegations set forth above.

18      33.   Defendant Tiffany & Bosco, by sending the October 14, 2011 letter to

19  Plaintiffs, was acting as a debt collector as that term is defined under the Fair Debt

20  Collection Practices Act. 15 U.S.C. § 1692(a), and deceptively disclosed that it was not a

21  Debt Collector, but also tried to make the mandated disclaimer of a Debt Collector in

22  correspondence to Plaintiff, as a design to confuse or mislead the least sophisticated

23  consumer. (**Exhibit "A"**).

24      34.   Defendant Tiffany & Bosco is a business or person who uses interstate

25  commerce or the mails and wires in business, the principal purpose of which is the

26  collection of debt, and regularly collects, directly or indirectly, debts owed or due or

27  asserted to be owed or due to another.

28  -6-

35.   Defendant Tiffany & Bosco engaged in wrongful collection methods in violation of the Fair Debt Collection Practices Act, 15 U.S.C., Title 41, Subchapter V, § 1692 et seq. The wrongful collection practices include, but are not limited to the following:

36.   Defendant Tiffany & Bosco violated 15 U.S.C. §1692(g)(b) and 15 U.S.C. §1692(g)(a)(1)-(2) in failing to verify the debt in response to Plaintiffs' Debt Validation Letter dated November 14, 2011, failing to cease collection activity, and failing to name the creditor and a correct amount of the debt owed to that creditor.

37.   Defendant Tiffany & Bosco violated 15 U.S.C. §1692(e) generally,§1692(e)(10), and §1692(e)(2)(A) when it purposefully tried to deceive Plaintiffs by leaving blank the line for the true creditor, and naming instead only PNC Mortgage, knowing that PNC Mortgage was not the creditor, and not the "Lender" or a valid successor in interest to the beneficial interest in the Deed of Trust, or a "Note Holder" as the term is defined in Plaintiffs' Note and Deed of Trust.

38.   Defendant Tiffany & Bosco violated 15 U.S.C. §1692(e) generally, §1692(e)(2)(A),  §1692(e)(10), and§1692(e)(4) when it threatened Plaintiffs with foreclosure in its October 14, 2011 letter, in order to collect payments on the claimed sum of $276,758.05. even though it knew or should have known that Plaintiffs' loan could not be foreclosed upon because Plaintiffs were not in default, did not owe money to PNC, and were seeking to pay off the Note to the Note Holder and owner, and the true beneficiary of the Deed of Trust, the unnamed successor "Lender" under the Deed of Trust.

39.   Defendant Tiffany & Bosco violated 15 U.S.C. §1692(e) generally, §1692(e)(2)(A), §1692(e)(4), and  §1692(e)(10) by intimating that a Notice of Trustee's Sale and Statement of Breach had been recorded when it had not, in its letter dated October 14, 2011, in order to threaten and harass payments out of Plaintiffs to a party not owed money by Plaintiffs.

40.   Defendant Tiffany & Bosco threatened action that was not intended or authorized to be undertaken, specifically foreclosing upon the Subject Property, in violation of 15 U.S.C. §1692(e) generally,§1692(e)(10)§1692(e)(2)(A), and§1692(e)(4).

41.   Defendant Tiffany & Bosco threatened Plaintiffs with non-judicial foreclosure to effect dispossession or disablement of property when there was no present right to possession of the Plaintiffs' property claimed as collateral through an enforceable security interest, in violation of 15 U.S.C. §1692(f)(6)(A),(B, and (C).

42.   Upon information and belief, Defendant Tiffany & Bosco in collusion with PNC Mortgage, sent private and confidential information about the Plaintiffs to third parties such as Loan Processing Services ("LPS") without Plaintiffs' consent, in violation of their notice to PNC Mortgage on July 20, 2010 stating "Do not share our information even within PNC until you can show you do have an existing relationship with me and I have verified and approved of its authenticity." This activity violated §1692c(b).

43.   Upon information and belief, the letter Defendant Tiffany & Bosco sent to Plaintiffs on October 14, 2011 is a form letter that Defendant Tiffany & Bosco routinely sends to its clients' mortgage loan debtors, including debtors engaged in active disputes to determine the identity of their true creditor, information they are entitled to under various federal and state laws (See, e.g., Truth in Lending Act, 15 U.S.C. §1641(g)), without investigating the merits of its clients' claims before sending the letters.

44.   As a direct and proximate cause of Defendant Tiffany & Bosco's misrepresentations and threats, Plaintiffs suffered financial damages including but not limited to the difference between what they would have paid to a party able to mark the Note satisfied and discharged in June 2010, and the amounts allegedly due now, as well as for the loss of value in their home from June 2010 to the present.

45.   Defendant Tiffany & Bosco's conduct was egregious, oppressive, and undertaken with complete disregard for Plaintiffs' legal and property rights, entitling Plaintiff to actual, statutory, and punitive damages according to proof at trial.

-8-

## PRAYER FOR RELIEF

46.    WHEREFORE, Plaintiffs pray for judgment and order against Defendants, and each of them, as to each and every cause of action as follows:

a.    Actual damages as measured by the difference between what they would have paid to a party able to mark the Note satisfied and discharged in June 2010, and to reconvey the Deed of Trust and release the lien, and the amounts allegedly due now, as well as for the loss of value in their home from June 2010 to the present.

b.    Statutory damages in an amount to be determined at trial.

c.    Punitive damages in an amount to be determined at trial.

d.    Costs of suit and reasonable attorney's fees incurred herein pursuant to A.R.S. § 12-341.01, and 15 U.S.C. § 1692(k).

e.    Pre-judgment and post-judgment interest at the rate established by the parties' agreement and/or the statutory rule.

f.    Such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 11th day of October, 2012.

_Beth K. Findsen_
Beth K. Findsen
_Attorney for Plaintiffs_

-9-

# EXHIBIT "A"



**TIFFANY & BOSCO**
P.A.
2525 EAST CAMELBACK ROAD
SUITE 300
PHOENIX, ARIZONA 85016
TELEPHONE: (602) 255-6035
FACSIMILE: (602) 255-0192

Financial Services Department
(602) 255-6035

October 14, 2011

Beth Findsen
7749E Buteo Dr
Scottsdale, AZ 85255

RE:   Loan No.       :   0003480151
      Our File No.   :   11-24122
      Prop. Address  :   7749 E Buteo Dr
                         Scottsdale, AZ 85255

This firm has been retained to enforce the terms of the above referenced loan by non-judicial foreclosure.

1.  The good faith estimate of the debt owed is $276,758.05 plus those charges that continue to accrue until the loan is paid, such as interest, late charges, advances, expenses of collection, and attorney's/trustee's fees. If you require a statement of all these amounts computed through a specified date, you may request such statement through this office.

    The arrearage amount is the sum of payments that have come due on and after the date of default June 1, 2011, plus late charges, periodic adjustments to the payment amount, expenses of collection, and attorney's/trustee's fees as further described in the Statement of Breach and Non-Performance attached to the Notice of Trustee's Sale.

2.  The creditor (current beneficiary) to whom the debt is owed is :

    The loan servicer is:  PNC Mortgage, a division of PNC Bank, NA,

3.  This firm will assume the debt to be valid unless you, within thirty days after receipt of this notice, dispute the validity of the debt or a portion thereof. If you notify this firm in writing within the thirty day period that the debt, or any portion thereof, is disputed, we will obtain verification of the debt and a copy of such verification will be mailed to you. Also, upon your written request within the thirty day period, this firm will provide you with the name and address of the original creditor, if it is different from the current creditor.

This firm is not a Debt Collector as that term is defined pursuant to the Fair Debt Collection Practices Act within this jurisdiction (*see Mansour vs. Cal-Western Reconveyance Corp.*, 618 F.Supp.2d 1178 (D. Ariz. 2009). Should a subsequent determination be made that this firm is a Debt Collector as that term is defined within the Act, then you are notified that any information obtained will be used for the purpose of collecting a debt. Please be advised that if your personal liability for this debt has been modified or extinguished by a discharge in bankruptcy, this communication is provided solely in reference to the foreclose on the deed of trust remaining on your property and is not an attempt to collect the discharged personal obligation. The notifications provided herein do not limit or detract from the effect of foreclosure upon the subject property.

TIFFANY & BOSCO, P.A.
Financial Services Department
(602)-255-6035

An important message from the Federal Trade Commission



# A note to Homeowners

Facing foreclosure? Scammers are targeting people having trouble paying their mortgages. Some claim to be able to "rescue" homeowners from foreclosures, while others promise loan modifications – for a fee. The Federal Trade Commission, the nation's consumer protection agency, wants you to know how to avoid scams that could make your housing situation go from bad to worse.

## Don't Get Hit by a Pitch.

*"We can stop your foreclosure!"*

*"97% success rate!"*

*"Guaranteed to save your home!"*

These kinds of claims are the tell-tale signs of a foreclosure rip-off. Steer clear of anyone who offers an easy out.

## Don't Pay for a Promise.

Don't pay any business, organization, or person who promises to prevent foreclosure or get you a new mortgage. These so-called "foreclosure rescue companies" claim they can help save your home, but they're out to make a quick buck. Some may request hefty fees in advance – and then stop returning your calls. Others may string you along before disclosing their charges. Cut off all dealings if someone insists on a fee.

## Send Payments Directly.

Some scammers offer to handle financial arrangements for you, but then just pocket your payment. Send your mortgage payments ONLY to your mortgage servicer.

## Don't Pay for a Second Opinion.

Have you applied for a loan modification and been turned down? Never pay for a "second opinion."

## Imitations = Frustrations.

Some con artists use names, phone numbers, and websites to make it look like they're part of the government. If you want to contact a government agency, type the web address directly into your browser and look up any address you aren't sure about. Use phone numbers listed on agency websites or in other reliable sources, like the Blue Pages in your phone directory. Don't click on links or open any attachments in unexpected emails.

## Talk to a HUD-Certified Counseling Agency – For Free.

If you're having trouble paying your mortgage or you've already gotten a delinquency notice, free help is a phone call away. Call 1-888-995-HOPE for free personalized advice from housing counseling agencies certified by the U.S. Department of Housing and Urban Development (HUD). This national hotline – open 24/7 – is operated by the Homeownership Preservation Foundation, a nonprofit member of the HOPE NOW Alliance of mortgage industry members and HUD-certified counseling agencies. For free guidance online, visit www.hopenow.com. For free information on the President's plan to help homeowners, visit www.makinghomeaffordable.gov.

Federal Trade Commission
ftc.gov/MoneyMatters

Call

# 1-888-995-HOPE

for free personalized guidance from housing counseling agencies certified
by the U.S. Department of Housing and Urban Development. The
Homeowner's HOPE™ Hotline – open 24/7 – is operated by the
Homeownership Preservation Foundation, a nonprofit member of the
HOPE NOW Alliance of mortgage industry members and
HUD-certified counseling agencies. Or visit

## www.hopenow.com

For free information on the President's plan to help homeowners, visit

## www.makinghomeaffordable.gov





# EXHIBIT "B"

*PrP*
*11-24122*



Cynthia L. Johnson
cynthia@jfk-law.com
Beth K. Findsen
beth@jfk-law.com
Kyle A. Kinney
kyle@jfk-law.com

## Johnson, Findsen & Kinney PLLC
www.JFK-Law.com
7279 EAST ADOBE DRIVE
SUITE 120
SCOTTSDALE, AZ 85255
Telephone: (480) 584-6664

November 14, 2011

ATTN: Default Department
Tiffany & Bosco, PA.
2525 E. Camelback Rd
Suite 300
Phoenix, AZ 85016

Re:        Loan No.     0003480151
File No.:   11624122
Address:    7749 E. Buteo Drive
            Scottsdale, AZ 85255

### DEBT VALIDATION LETTER AND NOTICE OF DISPUTE

To Whom it May Concern:

I write in response to your letter dated October 14, 2011.

We dispute the amount of the debt owed, as well as the identity of the claimed current beneficiary. PNC Bank, NA is a servicer, and has disavowed an ownership interest in our note.

Also, despite your avowal, you are acting as a debt collector as the term is defined under the Fair Debt Collection Practices Act.

Thank you for your time and attention to these matters.

Very truly yours,

Beth K. Findsen
Attorney at Law

Tiffany & Bosco-SOT Reponse-Findsen 63



ORIGINAL

MICHAEL K. JEANES, CLERK
BY ___ DEP'
RECEIVED NE LOBBY
DOCUMENT DEPOSITORY

12 OCT 19 PH 3: 08

# DECLARATION OF SERVICE

| | |
|---|---|
| SUPERIOR COURT -MARICOPA | CASE NO:   CV 2012 056169 |
| STATE OF AZ      ) | COURT DATE: |
| County of MARICOPA    ) | COURT TIME:   00:00:00 |

FILED
BY A. WILLIAMS, DEP

PLAINTIFF:
MARC J FINDSEN, BETH K FINDSEN

DEFENDANTS:
TIFFANY & BOSCO, P.A.
2525 E CAMELBACK RD 3RD FLOOR #300
PHOENIX, AZ    . 85016

The declarant, being duly sworn, states: I am fully qualified under Rule 4(d) Ariz.R.Civ.P. to serve process in this action, having been so
appointed by the court;  I received and served the following documents in the manner described below:

DOCUMENT TYPE:  **CIVIL SUMMONS & COMPLAINT, CERTIFICATE OF COMPULSORY ARBITRATION**

PERSON(S) SERVED:  TIFFANY & BOSCO, P.A. (Defendant)

PLACE OF SERVICE:  USUAL PLACE OF BUSINESS
2525 E CAMELBACK RD 3RD FLOOR #300
PHOENIX, AZ 85016

By delivering 3 SET(S) true copies to: MICHAEL E. TIFFANY, ATTORNEY

SEX: M; AGE/DOB: 50'S; RACE: CAUC; HAIR: WHITE;

Notes:

| | |
|---|---|
| FILE #: | 62146 |
| REF #: | RUSH |
| DATE OF SERVICE: | 10/12/2012 |
| TIME OF SERVICE: | 15:33 |
| Next Action: | No Further Action |

FEES:    85.00 Service Fee

$85.00

_____
DECLARANT'S SIGNATURE
Mario Hoyos .

Process server licensed in Maricopa County

I declare Under Penalty of Perjury that the Foregoing is True and Correct and was
Executed on this date: 10/17/2012 2:01:12 PM

SUPERIOR PROCESS SERVICES, INC.
P.O.Box 5915
Mesa, Arizona 85211
(480) 429-6886