**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marc J. Findsen, et al., | No. CIV 12-2349-PHX-SMM |
| Plaintiffs, | **ORDER RE-SETTING SECOND RULE 16 PRELIMINARY PRETRIAL CONFERENCE** |
| vs. | |
| Tiffany & Bosco, P.A., | |
| Defendant. | |

On May 20, 2013, a Preliminary Pretrial Conference was held in open Court pursuant to Rule 16(b) of the Federal Rules of Civil Procedure. (Doc. 24.) At the conference, the parties agreed to a modified schedule in hopes of resolving this litigation prior to utilizing the procedures and incurring the underlying costs for discovery, dispositive motions and trial. The Court ordered the parties to submit a status report regarding settlement by August 2, 2013. (Doc. 25.) The parties have advised the Court that despite their efforts, they were unable to compromise and settle this case and ask the Court to reschedule a Second Rule 16 Preliminary Pretrial Conference. (Doc. 32.)

**IT IS HEREBY ORDERED** that pursuant to Rule 16 of the Federal Rules of Civil Procedure a Second Preliminary Pretrial Conference is set for September 23, 2013, at 2:30 p.m. before the Honorable Stephen M. McNamee in Courtroom #605, sixth floor, Sandra Day O'Connor U.S. Courthouse, 401 W. Washington Street, Phoenix, Arizona.

### * * * N O T I C E * * *

**IT IS FURTHER ORDERED:**

1. **COUNSEL WHO WILL BE RESPONSIBLE FOR TRIAL OF THE LAWSUIT FOR EACH PARTY SHALL PERSONALLY APPEAR AND PARTICIPATE IN THE PRELIMINARY PRETRIAL CONFERENCE.** Counsel for all parties are directed to Rule 16 of the Federal Rules of Civil Procedure for the objectives of the conference. At least one of the attorneys for each party attending the conference shall have authority to enter into stipulations and make admissions regarding all matters which may be discussed.

2. **IN ADDITION TO COUNSEL OF RECORD, EACH PARTY, OR A REPRESENTATIVE OF EACH PARTY (WHO IS <u>NOT</u> COUNSEL OF RECORD) WITH BINDING SETTLEMENT AUTHORITY IF THE PARTY IS AN ENTITY, SHALL BE PRESENT AT THE PRELIMINARY PRETRIAL CONFERENCE. NO PARTY OR COUNSEL SHALL BE EXCUSED FROM PERSONALLY APPEARING AT THE CONFERENCE WITHOUT PRIOR PERMISSION OF THE COURT. See Fed. R. Civ. P. 16(f).**

3. Counsel must be prepared to discuss what the parties must prove in order to prevail on their respective claims or defenses at the time of the Preliminary Pretrial Conference.

4. Counsel should be prepared to discuss logistical matters.

**IT IS FURTHER ORDERED** that all parties are directed to meet at least twenty-one (21) days before the Second Preliminary Pretrial Conference, in accordance with Rule 26(f) of the Federal Rules of Civil Procedure, to discuss the following matters:

1. The possibility of consent to trial before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), the suitability for referral of this matter to this

District's court-annexed voluntary arbitration program or any other alternative dispute resolution mechanism, or the reference of this matter to a special master;

2. Any matters relating to jurisdiction or venue or the joinder of additional parties;

3. The nature and bases of their claims and defenses and the possibilities for a prompt settlement or resolution of the case;

4. A schedule of all pre-trial proceedings;

5. Modification of pre-trial procedures due to the simplicity or complexity of the case;

6. Any other matters which counsel may feel will help dispose of the matter in an efficient manner.

**IT IS FURTHER ORDERED** that at the Rule 26(f) case management meeting, the parties shall develop a **Proposed Case Management Plan** which shall include brief statements or proposals concerning:

1. The nature of the case, setting forth in brief statements the factual and legal basis of plaintiff's claims and defendant's defenses;

2. A list of the elements of proof necessary for each count of the complaint and each affirmative defense. Where the burden of proof shifts, each party shall list the elements of the claim or defense that the party must prove in order to prevail. The list of the elements of proof must contain citations to relevant legal authority (i.e., United States statutory and/or administrative law, U.S. Supreme Court case law, Ninth Circuit Court of Appeals case law, Arizona state case and statutory law, or other authority as dictated by conflicts of law rules);

3. The factual and legal issues genuinely in dispute, and whether they can be narrowed by stipulation or motion;

4. The jurisdictional basis of the case, citing specific statutes;

5. Parties, if any, which have not been served, as well as parties which have not filed an answer or other appearance. Unless counsel can otherwise show

cause, a proposed form of order shall accompany the joint Case Management Plan which dismisses any party which has not been served, or seeks default judgment on any non-appearing party;

6. The names of parties not subject to the Court's jurisdiction;

7. Whether there are further dispositive or partially dispositive issues to be decided by pretrial motions, and the legal issues about which any pretrial motions are contemplated;

8. Whether the case is suitable for reference to arbitration, to a special master, or to a United States Magistrate Judge for trial;

9. The status of related cases pending before other judges of this Court or before other courts;

10. Suggested changes, if necessary, in the timing, form, or requirement for disclosures under Rule 26(a), Federal Rules of Civil Procedure, including a statement of when Initial Disclosures were made or will be made;

11. Proposed specific dates for each of the following:

    a. A deadline for the completion of fact discovery;[1]

    b. Dates for full and complete expert disclosures under Federal Rule of Civil Procedure 26(a)(2)(A)-(C);

    c. A deadline for completion of all expert depositions;

    d. A deadline for filing dispositive motions;

    e. A date by which the parties shall have engaged in good faith settlement talks;

---

[1] The discovery deadline is the date by which all discovery must be completed. Discovery requests must be served and depositions noticed sufficiently in advance of this date to ensure reasonable completion by this deadline, including time to resolve discovery disputes. Absent extraordinary circumstances, the Court will not entertain discovery disputes after this deadline.

1. 12. The scope of discovery and whether discovery should be conducted in phases or should be limited to or focused upon particular issues. For example, where dispositive motions will be filed (*e.g.*, motions for summary judgment or a defense relying on the statute of limitations) counsel should consider limiting discovery to the issue at hand until the court has ruled on the motion;

2. 13. Suggested changes, if any, in the limitations on discovery imposed by the Federal Rules of Civil Procedure and LRCiv 16.2;

3. 14. Estimated date that the case will be ready for trial, the estimated length of trial, and any suggestions for shortening the trial;

4. 15. Whether a jury trial has been requested and whether the request for a jury trial is contested. If the request for a jury trial is contested, the Proposed Case Management Plan shall set forth the reasons that a trial by jury is in dispute;

5. 16. The prospects for settlement, including any request to have a settlement conference before another United States District Court Judge or Magistrate Judge, or other request of the court for assistance in settlement efforts; and

6. 17. Any other matters which counsel feel will aid the Court in resolving this dispute in a just, speedy, and inexpensive manner.

**IT IS FURTHER ORDERED** that all deadlines to which the parties stipulate in the Proposed Case Management Plan shall fall on a Friday barring extenuating circumstances which make doing so impracticable.

**IT IS FURTHER ORDERED** that counsel shall <u>jointly file</u> their Proposed Case Management Plan with the Clerk of the Court **not less than five (5) business days** before the Preliminary Pretrial Conference. Absent extraordinary circumstances, no extensions of time will be granted.

**IT IS FURTHER ORDERED** that it is the responsibility of counsel for the Plaintiff(s) to initiate the communications necessary to prepare the joint Proposed Case Management Plan. Once contacted by counsel for Plaintiff(s), counsel for Defendant(s)

shall act in an expeditious manner to effectuate the preparation of the Case Management Plan.

**IT IS FURTHER ORDERED** that counsel for all parties are expected to comply with Rule 26 of the Federal Rules of Civil Procedure, and to minimize the expense of discovery.

**IT IS FURTHER ORDERED** that the Court, after consultation with counsel and the parties, will enter a Rule 16(b) Scheduling Order concerning, inter alia, discovery and dispositive motions. (See Attached) To the extent that the Court's Rule 16 Scheduling Order differs from the parties' Proposed Case Management Plan, the provisions of the Court's Order shall supersede the parties' Proposed Case Management Plan and shall control the course of this action unless modified by subsequent Order of this Court. The parties and their counsel are all cautioned that the deadlines set in the Rule 16 Scheduling Order shall be strictly enforced.

**IT IS FURTHER ORDERED** that counsel review the requirements of LRCiv 7.1 and LRCiv 7.2, Rules of Practice of the United States District Court for the District of Arizona, with their administrative/support personnel to ensure that all pleadings are in compliance with the rules.

**IT IS FURTHER ORDERED** that this Court views the Preliminary Pretrial Conference as critical to its case management responsibilities and the responsibilities of the parties under Rule 1 of the Federal Rules of Civil Procedure. **FAILURE TO COMPLY WITH EVERY PROVISION OF THIS ORDER MAY LEAD TO SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 16(f).**

**IT IS FURTHER ORDERED** that the Clerk of the Court send copies of this Order to any party appearing in propria persona.

DATED this 13th day of August, 2013.

*/s/ Stephen M. McNamee*
Stephen M. McNamee
Senior United States District Judge

1  **WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marc J. Findsen, et al., ) | No. CV-12-2349-PHX-SMM |
| Plaintiffs, ) | |
| ) | **[PROPOSED]** |
| v. ) | **RULE 16 SCHEDULING ORDER** |
| Tiffany & Bosco, P.A., ) | |
| Defendant. ) | |

On September 23, 2013, a Second Preliminary Pretrial Conference was held in open Court pursuant to Rule 16(b) of the Federal Rules of Civil Procedure. The parties have already exchanged initial disclosures. Prior to the conference, the parties filed a Rule 26(f) Case Management Plan. Pursuant to the terms of the Case Management Plan, and the representations made by the parties at the Rule 16 Preliminary Pretrial Conference, all parties were ordered to comply with the deadlines established in this Order.

**IT IS HEREBY ORDERED** that the current provisions of the Federal Rules of Civil Procedure shall apply to all proceedings concerning this case.

**IT IS FURTHER ORDERED** that any amendment to the Complaint shall be filed no later than _____. Any amendment to the Answer shall be filed no later than _____.

**IT IS FURTHER ORDERED** that all discovery, answers to interrogatories, and supplements to interrogatories must be completed by _____. In no

event, however, shall this provision alter the duties and obligations imposed upon the parties by Federal Rule of Civil Procedure 26(e). This Order contemplates that each party will conduct discovery in such a manner as to complete, within the deadline, any and all discovery. "Last minute" or "eleventh hour" discovery which results in insufficient time to undertake additional discovery and which requires an extension of the discovery deadline will be met with disfavor, and could result in denial of an extension, exclusion of evidence, or the imposition of other sanctions.

**IT IS FURTHER ORDERED** that discovery by interrogatory shall generally be governed by Federal Rule of Civil Procedure 33. However, notwithstanding Federal Rule of Civil Procedure 33, there is a limit of _____ interrogatories, including discrete subparts, applicable to this case.

**IT IS FURTHER ORDERED** that requests for admissions shall be governed by Federal Rule of Civil Procedure 36. The parties shall serve no more than _____ requests for admissions.

**IT IS FURTHER ORDERED** reminding counsel of their duty under Rule 26(e) of the Federal Rules of Civil Procedure to supplement all Rule 26(a) disclosures and responses to discovery requests. Pursuant to Rule 26(e)(1), any additions or other changes to information previously disclosed must be made prior to the time that Rule 26(a)(3) Pretrial Disclosures are due. Since this Court effectively requires all Rule 26(a)(3) Pretrial Disclosures to be contained in the Proposed Final Pretrial Order, this Order contemplates that all exhibits and witnesses that may be offered at trial will have been disclosed before the close of discovery as established by the provisions of this Order. This Order therefore supersedes the "thirty-day before trial" disclosure deadline contained in that Rule. Therefore (1) failure to have timely supplemented a Rule 26(a) disclosure, including but not limited to witnesses and exhibits, or (2) a failure to have timely supplemented responses to any valid discovery requests, or (3) attempting to include any witnesses or exhibits in the Proposed Final Pretrial Order that were not previously disclosed in a timely manner as to allow for

1  meaningful discovery prior to the discovery cutoff date as established by this Order, may
2  result in the exclusion of such evidence at trial or the imposition of other sanctions.

**IT IS FURTHER ORDERED** that, **in the event of a discovery dispute, the parties shall contact the Court to request a telephonic conference prior to filing any discovery motions.** The parties shall not contact the Court regarding a discovery dispute unless they have been unable to resolve the dispute themselves, despite personal consultation and sincere efforts to do so. The parties shall not file any written materials related to a discovery dispute or discovery motion without express leave of Court. If the Court does order written submissions, the movant shall include a statement certifying that counsel could not satisfactorily resolve the matter despite personal consultation and sincere efforts to do so, in accordance with LRCiv 7.2(j) of the Rules of Practice of the United States District Court for the District of Arizona.

**IT IS FURTHER ORDERED** that the Plaintiff(s) shall disclose the identity of any person who may be used at trial to present evidence under Federal Rules of Evidence 701, 702, 703, 704, and 705 no later than _____.[1] The Defendant(s) shall disclose the identity of any person who may be used at trial to present evidence under Federal Rules of Evidence 701, 702, 703, 704, or 705 no later than _____. Rebuttal experts if any, shall be disclosed no later than _____. No deposition of any expert witnesses shall occur before the disclosures concerning expert witnesses mandated by this Order are made. Depositions of all expert witnesses must be concluded by _____.

**IT IS FURTHER ORDERED** that the disclosures of the identities of any persons who may be used at trial to present evidence under Federal Rules of Evidence 701, 702, 703, 704, or 705 shall also include all of the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) if the witness is either (1) retained or specifically employed to provide

---

[1] The parties are hereby given notice that this Order requires disclosure greater than that required by Federal Rule of Civil Procedure 26(a)(2).

1    expert testimony in the case, or (2) is an agent or employee of the party offering the
2    testimony whose duties regularly involve giving expert testimony.

3    **IT IS FURTHER ORDERED** that depositions shall be limited as provided by Rules
4    30 and 31 of the Federal Rules of Civil Procedure unless the parties otherwise stipulate in
5    writing when permitted to do so pursuant to the Rules or when granted permission to depart
6    from the provisions of the Rules by Order of this Court.  Notwithstanding any provision in
7    the Federal Rules of Civil Procedure or the Local Rules, the parties shall conduct no more
8    than _____ depositions.

9    **IT IS FURTHER ORDERED** pursuant to Federal Rule of Civil Procedure 30(d)(1)
10   that there shall be a time limit of _____ hours[2] to conduct a deposition of any witness
11   in this case.  Additional time shall be allowed where the deponent or a party impedes or
12   delays the examination.  This time limit may only be extended by Order of this Court upon
13   motion of any party that demonstrates good cause for doing so.  Counsel shall conduct
14   themselves courteously and professionally, especially during the taking of depositions. Any
15   objections made during the course of a deposition must be in accordance with Rule 30(c)(2)
16   of the Federal Rules of Civil Procedure.

17   **IT IS FURTHER ORDERED** that notwithstanding any provisions of the Federal
18   Rules of Civil Procedure or any other provisions of this Order, non-party witnesses shall <u>not</u>
19   be permitted to attend, either physically, electronically, or otherwise, the deposition of any
20   other witness in this case without an Order of this Court to the contrary.

21   **IT IS FURTHER ORDERED** that all dispositive motions shall be filed no later than
22   _____.  Such motions must be, in all respects, in full
23   compliance with the Rules of Practice of the United States District Court for the District of
24   Arizona.

---

[2] The Court finds that a presumptive limit of seven (7) hours is sufficient for depositions in a standard track civil case.

1       **IT IS FURTHER ORDERED** that no submissions to the Court shall contain any
2 footnotes in excess of five (5) lines.
3       **IT IS FURTHER ORDERED** that all parties are hereby specifically admonished that
4 failure to respond to a motion by serving and filing an answering memorandum within the
5 time period expressly provided for in LRCiv 7.2 of the Rules of Practice of the United States
6 District Court for the District of Arizona may be deemed a consent to the denial or granting
7 of the motion and the Court may then dispose of the motion summarily.
8       **IT IS FURTHER ORDERED** that the parties shall not notice oral argument on any
9 motion.  Instead, a party desiring oral argument on a motion shall request argument by
10 placing "Oral Argument Requested" immediately below the title of such motion, pursuant
11 to LRCiv 7.2(f) of the  Rules of Practice of the United States District Court for the District
12 of Arizona.  The Court will then issue a minute order scheduling the oral argument.
13       Oral argument shall be scheduled at the request of a party on all motions to dismiss
14 and motions for summary judgment.  On all other motions on which a party requests oral
15 argument, the Court will determine whether oral argument is necessary.  FURTHER, THE
16 PARTIES ARE REMINDED THAT OBTAINING A HEARING DATE IS PURELY
17 ADMINISTERIAL.  ACCORDINGLY, REGARDLESS OF A HEARING DATE, THE
18 COURT MAY, AT ANY TIME AFTER THE MOTION IS FULLY BRIEFED,
19 DETERMINE THAT A HEARING IS UNWARRANTED AND RULE ON THE MOTION
20 WITHOUT ORAL ARGUMENT.
21       **IT IS FURTHER ORDERED** that any and all motions, requests, or stipulations for
22 extensions of time shall be made in accordance with the provisions of LRCiv 7.3 of the Rules
23 of Practice of the United States District Court for the District of Arizona.  Notwithstanding
24 this directive, however, if such a motion, request, or stipulation seeks an extension of time
25 in which to file a memorandum in response or in reply to a motion previously noticed for oral
26 argument, under no circumstances shall such a motion, request, or stipulation seek an
27 extension that would preclude the Court from having at least thirty (30) days from the due
28 date for the filing of the reply memorandum to consider the merits of the underlying motion

1 unless the motion, request, or stipulation also seeks to vacate and reschedule the oral
2 argument. Any motion, request, or stipulation that so seeks both an extension of time and
3 rescheduling of a hearing shall contain a memorandum of points and authorities which
4 demonstrates good cause for the Court to grant the requested extension.

**IT IS FURTHER ORDERED** that, if no dispositive motions are pending before the Court after the dispositive motions deadline has passed, Plaintiff(s) shall file a Notice of Readiness for Order Re: Final Pretrial Conference within ten (10) days of the dispositive motions deadline.

**IT IS FURTHER ORDERED** that, if dispositive motions are pending before the Court following the dispositive motions deadline, the Court will issue an Order Re: Final Pretrial Conference following its resolution of the dispositive motions, if necessary.

**IT IS FURTHER ORDERED** that the Order Re: Final Pretrial Conference shall: 1) set deadlines for the filing of and response to motions in limine; 2) instruct the parties on their duties in preparing for the Final Pretrial Conference and for trial; and 3) include a form for the completion of the parties' Proposed Pretrial Form of Order.

**IT IS ORDERED** that the attorneys for each party <u>who will be responsible for trial of the lawsuit</u> shall **APPEAR** and **PARTICIPATE** in a Final Pretrial Conference on _____ at _____, ___.m. in courtroom # 605 on the sixth floor of the United States Courthouse, 401 West Washington Street, Phoenix, Arizona. Because the Final Pretrial Conference is held for the benefit of all parties, and further because the presence of all parties will facilitate frank discussion of the pertinent issues in the lawsuit, **each party, or a representative with binding settlement authority if the party is an entity**, shall attend the Final Pretrial Conference. At the Final Pretrial Conference, the Court shall set a firm trial date.

**IT IS FURTHER ORDERED** that the parties shall keep the Court informed regarding the possibility of settlement and should settlement be reached, the parties shall file a Notice of Settlement with the Clerk of the Court.

1   **IT IS FURTHER ORDERED** that this Court views compliance with the provisions
2 of this Order as critical to its case management responsibilities and the responsibilities of the
3 parties under Rule 16 of the Federal Rules of Civil Procedure.