Beth K. Findsen (023205)
Law Office of Beth K. Findsen, PLLC
7279 East Adobe Drive, Suite 120
Scottsdale, AZ 85255
(480) 584-6664
beth@findsenlaw.com
*Attorney for Plaintiffs*

William J. Maledon, 003670
Chelsea Sage Durkin, 027401
OSBORN MALEDON, P.A.
2929 North Central Avenue
Suite 2100
Phoenix, Arizona 85012-2794
602-640-9000
wmaledon@omlaw.com
cdurkin@omlaw.com
*Attorneys for Tiffany & Bosco, P.A.*

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MARC J. FINDSEN and BETH K. FINDSEN, | Case No. 2:12-cv-02349-SRB |
| Plaintiffs, | **SECOND PROPOSED CASE MANAGEMENT PLAN** |
| v. | |
| TIFFANY & BOSCO, PA, et al., | |
| Defendant. | |

## CASE MANAGEMENT PLAN

Consistent with the Court's Order Re-Setting Second Rule 16 Preliminary Pretrial Scheduling Conference dated August 15, 2013 [Doc. No # 34], the parties, Marc J. Findsen and Beth K. Findsen ("Plaintiffs") through counsel, Beth K. Findsen, and Tiffany & Bosco, PA, through counsel, Chelsea Sage Durkin, have discussed, by phone and e-mail, various matters relating to this case and to develop a Second Proposed Case Management Plan.

1

As a result of Plaintiffs' and Defendant's meeting and pursuant to the Court's Scheduling Order, the parties report and recommend the following:

**1. The nature of the case, setting forth in brief statements the factual and legal basis of plaintiff's claims and defendant's defenses.**

**Plaintiffs' Statement**

Plaintiffs are homeowners who had a dispute with a loan servicer, PNC Mortgage. PNC Mortgage had accounted falsely for some of Plaintiffs' home loan payments, misapplying payments, charging misrepresentative escrow amounts, and refusing payments, to try to force Plaintiffs into foreclosure. PNC Mortgage had made false and inconsistent statements about what entity actually owned the Plaintiffs' loan, as opposed to who was servicing the loan. These misrepresentations continue to this date.

Then Defendant Tiffany & Bosco, P.A., though not the Trustee under Plaintiffs' Deed of Trust or a substituted trustee, jumped into the dispute by sending collection letters to Plaintiffs, threatening foreclosure and demanding payments not due. In the collection letters, Defendant falsely hid the identity of the true creditor/owner/beneficiary, to assist PNC Mortgage in its deception.

Defendant also claimed that amounts were due PNC Mortgage that were incorrect, and not due PNC Mortgage, and threatened to foreclose Plaintiffs' home, when it was illegal to do so, there having been no valid exercise of the power of sale by a beneficiary to Plaintiffs' Deed of Trust. Plaintiffs allege that these acts were deceptive collection of a debt, violating the Fair Debt Collection Practices Act.

Plaintiff was attempting to find out who owned their loan, so that they could make a pre-payment, possibly in full, under the note. Plaintiffs tried to follow the terms of their Note and contact the Note Holder to pay. <u>PNC refused Plaintiffs' payment attempts</u>. That is why T&B's puzzlement over why Plaintiffs didn't just pay the servicer is unfounded. Plaintiffs were damaged by the obfuscation and outright misrepresentations of Defendant Tiffany & Bosco, working together with PNC Mortgage, by not being able to satisfy their note in 2010.

2

1    Defendant and PNC have concealed and actively misrepresented the identity of the true creditor/owner/beneficiary and Plaintiffs do not know who it is, to this day.  Plaintiffs had a short lived title suit against PNC, and another against Credit Suisse First Boston Adjustable Mortgage Trust 2004-2 (the "Trust").  Due to Defendant's and PNC's deception, Plaintiffs had to hire and pay an expert to determine the identity of the Trust.  The Trust's interest was never established.  In fact, Plaintiffs did not amend the first case which was dismissed without prejudice (and the judge refused to clarify the dismissal), and Plaintiffs voluntarily dismissed the second caseafter both PNC and the Trust admitted that neither was claiming an interest in the property, and neither was the Lender as is referred to in Plaintiffs' Deed of Trust or the Lender's valid successor.

The FDCPA is akin to a strict liability statute with statutory penalties and actual damages available.  T&B's defense rests on its claim that it was a validly appointed trustee carrying out its duties, and its communications were in furtherance of foreclosure, and a reliance on information of the "beneficiary."  In other words, T&B defends that it was not threatening an action it had no ability to take, to pursue a debt, and that it has a right to rely on ***any*** information from the beneficiary, omitting the "good faith" element of A.R.S.§33-820(A).

Also, this is an FDCPA case, and not a foreclosure case.  T&B was a debt collector, not a trustee relying in good faith on the "beneficiary's" documents.   "Unwarranted reliance on a client is not a procedure to avoid error" under the FDCPA.  *McCollough v. Johnson, Rodenburg & Lauinger, LLC*,  637 F.3d 939, 948-49 (9th Cir. 2011).   Plaintiffs' position is that Defendant was not a trustee and not protected by A.R.S. §33-820(B) or , it was collecting a debt, and it was threatening foreclosure in pursuit of that debt, an action it was not entitled to take.

But for T&B's violation of the FDCPA in October 2011, Plaintiffs could have settled their Note with the proper party.  Plaintiffs seek a current reinstatement amount and payoff amount for damage calculations.

3

**Defendant's Statement**

The only statute under which Plaintiffs allege a cause of action against Tiffany & Bosco, P.A. ("T&B") is the Fair Debt Collection Practices Act. Plaintiffs cannot maintain this cause of action because T&B is not a debt collector under the Fair Debt Collection Practices Act, and pursuit of a non-judicial foreclosure is not an action to collect a debt. In October 2011, pursuant to its engagement from PNC Bank, NA, T&B sent Plaintiff Beth Findsen a letter advising her that it had received a referral to pursue non-judicial foreclosure. The letter was not a demand for payment.

As a matter of state law, T&B cannot be held liable for actions that it takes at the direction of a beneficiary, such as it did here by pursuing non-judicial foreclosure for PNC Bank, NA. A.R.S. § 33-820(A); *See e.g.*, *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1045 (9th Cir. 2011) ("[A] trustee such as Tiffany & Bosco has the 'absolute right' under Arizona law 'to rely upon any written direction or information furnished to him by the beneficiary.'"). Furthermore, law firms pursuing non-judicial foreclosure are not debt collectors under the FDCPA and non-judicial foreclosures do not constitute collection of a debt. *E.g., Mansour v. Cal-Western Reconveyance Corp.*, 618 F. Supp. 1178, 1182 (D. Ariz. 2009); *Diessner v. Mortgage Electronic Registration Sys.*, 618 F. Supp. 1184, 1189 (D. Ariz. 2009). In *Diessner v. Mortgage Electronic Registration Systems*, Judge Snow made the same holding. There, Judge Snow noted that "[t]he Ninth Circuit defines non-judicial foreclosure as 'a process where property that secures a defaulted obligation is sold by a trustee pursuant to power of sale contained in a deed of trust, without recourse to the courts." *Id.* (citing *Citicorp Real Estate, Inc. v. Smith*, 155 F.3d 1097, 1105 (9th Cir. 1998). Significantly, the Ninth Circuit ***affirmed*** Judge Snow's decision "for the reasons stated in the district court's order entered on May 18, 2009, 618 F. Supp. 2d 1184." *Diessner v. Mortgage Electronic Registration Systems, Inc.*, 284 Fed. Appx. 609 at *1 (9th Cir.) (mem.)

Even if the FDCPA does apply to T&B's conduct here in the representation of its client, the letter sent to Plaintiffs does not violate the statute. The October 2011 letter merely notifies Plaintiff Beth Findsen that it has been retained to pursue non-judicial

foreclosure. The letter did not attempt to collect a debt. It was sent for purposes of complying with the FDCPA in the event that the law changed and the FDCPA came to apply to communications sent in connection with non-judicial foreclosures. The omission of the creditor/current beneficiary's name to whom the debt was owed was a clerical oversight, and Plaintiffs were not in fact in a position to be able to pay off their mortgage with PNC Bank. T&B eventually corrected the oversight and informed Plaintiffs of the name of the creditor by virtue of recording the Assignment of the Deed of Trust and the Substitution of Trustee. Both of these documents name the identity of the current beneficiary, and Plaintiffs have seen both of these documents. In addition, Plaintiffs learned of the creditor's identity in connection with another lawsuit that they filed against the loan servicer on their home mortgage (which was dismissed). In spite of their knowledge of the current creditor/beneficiary under the Deed of Trust, Plaintiffs have done nothing to pay off or reinstate their mortgage. This fact by itself is strong evidence of Plaintiffs'' true and wrongful intent in bringing this lawsuit.

Plaintiffs claim that they were attempting to learn the identity of the creditor's name since as early as June 2010 so that they could pay off their home mortgage. They offer no explanation as to why they could not have issued the pay-off amount to the same entity to which they had been paying their monthly mortgage amount – all of which payments were properly credited to Plaintiffs' account. In any event, T&B did not become involved in the facts giving rise to Plaintiffs' claims until October 2011, and then only as retained counsel to handle a non-judicial foreclosure under Arizona law because Plaintiffs had defaulted on their mortgage. T&B cannot be liable for anything that allegedly prevented Plaintiffs from paying off their home mortgage before that time. And, there is no evidence that anything T&B did in its communications with Plaintiffs caused them any damage.

Plaintiffs have suffered no actual damages as a result of receiving T&B's notification letter. Through a variety of lawsuits and other legal maneuvers, Plaintiffs have remained in their home since June 2011 without paying what they owe under their mortgage. In that time, Plaintiffs have sued other entities associated with their mortgage, including the home

5

lender, in other state court proceedings. Both of those lawsuits have been dismissed. Moreover, apart from mere assertions about the nature and extent of Plaintiffs' claimed damages, Plaintiffs have refused to provide any information or factual basis for their damage claims.

**2.   A list of the elements of proof necessary for each count of the Complaint and each affirmative defense.**

Plaintiffs' Complaint consists of one cause of action for Violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692, et seq.) against Tiffany & Bosco, PA. Plaintiffs raise violations of specific FDCPA provisions:

- a. **15 U.S.C. §1692(g)(b) and 15 U.S.C. §1692(g)(a)(1)-(2)** in failing to verify the debt, failing to cease collection activity, and failing to name the creditor and a correct amount of the debt owed to that creditor.
    1. 15 U.S.C. §1692(g)(b) provides the procedure for treating disputed debts.
    2. 15 U.S.C. §1692(g)(a)(1)-(2) provides the requirements for the contents of the notice of debt, and that it include a proper amount, and the name of the creditor to whom the debt is owed.
- b. **15 U.S.C. §1692(e) generally, §1692(e)(10), and §1692(e)(2)(A)** when it purposefully tried to deceive Plaintiffs by leaving blank the line for the true creditor
    1. 15 U.S.C. §1692(e) generally prohibits false or misleading representations in connection with the collection of any debt.
    2. 15 U.S.C. §1692(e)(10) prohibits the use of false or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.
    3. 15 U.S.C. §1692(e)(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

c. **15 U.S.C. §1692(e)(2)(A), §1692(e)(10), and §1692(e)(4)** when it threatened Plaintiffs with foreclosure in its October 14, 2011 letter, in order to collect payments on the claimed sum of $276,758.05, even though it knew or should have known that Plaintiffs' loan could not be foreclosed upon

   1. 15 U.S.C. §1692(e)(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.
   2. 15 U.S.C. §1692(e)(10) prohibits the use of false or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.
   3. 15 U.S.C. §1692(e)(4) prohibits the representation or implication that nonpayment of any debt will result in the seizure or sale of any property unless such action is lawful and the debt collector or creditor intends to take such action.

d. **15 U.S.C. §1692(e) generally, §1692(e)(2)(A), §1692(e)(4), and §1692(e)(10)** by:

   1. Representing that a Notice of Trustee's Sale and Statement of Breach had been recorded when it had not in order to threaten and harass payments out of Plaintiffs to a party not owed money by Plaintiffs (Complaint ¶39).
   2. Threatening action that was not intended or authorized to be undertaken, specifically foreclosing upon the Subject Property (Complaint ¶40).

Plaintiffs contend that Defendant was a debt collector engaged in debt collection activity. *O'Quin v. Bank of America*, No. 2:12-cv-00744-ROS (D. Ariz. Sept. 10, 2012)(hereinafter "*O'Quin* Order."). *See also Glazer v. Chase Home Finance, LLC*, (6th Cir. 2013); *Wilson v. Draper & Goldberg, P.L.L.C.*, 443 F.3d 373 (4th Cir. 2006).

a. Defendant Tiffany & Bosco violated 15 U.S.C. §1692(g)(b) and 15 U.S.C. §1692(g)(a)(1)-(2) in failing to verify the debt in response to Plaintiffs' Debt Validation Letter dated November 14, 2011, failing to cease collection activity, and failing to name the creditor and a correct amount of the debt owed to that creditor.

b. Defendant Tiffany & Bosco violated 15 U.S.C. §1692(e) generally, §1692(e)(10), and §1692(e)(2)(A) when it purposefully tried to deceive Plaintiffs by leaving blank the line for the true creditor, and naming instead only PNC Mortgage, knowing that PNC Mortgage was not the creditor, and not the "Lender" or a valid successor in interest to the beneficial interest in the Deed of Trust, or a "Note Holder" as the term is defined in Plaintiffs' Note and Deed of Trust.

c. Defendant Tiffany & Bosco violated 15 U.S.C. §1692(e) generally, §1692(e)(2)(A), §1692(e)(10), and §1692(e)(4) when it threatened Plaintiffs with foreclosure in its October 14, 2011 letter, in order to collect payments on the claimed sum of $276,758.05, even though it knew or should have known that Plaintiffs' loan could not be foreclosed upon because Plaintiffs were not in default, did not owe money to PNC, and were seeking to pay off the Note to the Note Holder and owner, and the true beneficiary of the Deed of Trust, the unnamed successor "Lender" under the Deed of Trust.

d. Defendant Tiffany & Bosco violated 15 U.S.C. §1692(e) generally, §1692(e)(2)(A), §1692(e)(4), and §1692(e)(10) by intimating that a Notice of Trustee's Sale and Statement of Breach had been recorded when it had not, in its letter dated October 14, 2011, in order to threaten and harass payments out of Plaintiffs to a party not owed money by Plaintiffs.

  **e.** Defendant Tiffany & Bosco threatened action that was not intended or authorized to be undertaken, specifically foreclosing upon the Subject Property, in violation of 15 U.S.C. §1692(e) generally,§1692(e)(10)§1692(e)(2)(A), and§1692(e)(4).

  **f.** Defendant Tiffany & Bosco threatened Plaintiffs with non-judicial foreclosure to effect dispossession or disablement of property when there was no present right to possession of the Plaintiffs' property claimed as collateral through an enforceable security interest, in violation of 15 U.S.C. §1692(f)(6)(A),(B, and (C).

  **g.** Upon information and belief, Defendant Tiffany & Bosco in collusion with PNC Mortgage, sent private and confidential information about the Plaintiffs to third parties such as Loan Processing Services ("LPS") without Plaintiffs' consent, in violation of their notice to PNC Mortgage on July 20, 2010 stating "Do not share our information even within PNC until you can show you do have an existing relationship with me and I have verified and approved of its authenticity." This activity violated §1692c(b).

  **h.** As a direct and proximate cause of Defendant Tiffany & Bosco's misrepresentations and threats, Plaintiffs suffered financial damages including but not limited to the difference between what they would have paid to a party able to mark the Note satisfied and discharged in October 2011, and the amount claimed to be owed now.

  **i.** Defendant Tiffany & Bosco's conduct was egregious, oppressive, and undertaken with complete disregard for Plaintiffs' legal and property rights, entitling Plaintiffs to actual, statutory, and punitive damages according to proof at trial.

  T&B contends that they are not debt collectors and that no violation of the FDCPA has occurred. The omission of the creditor name in the October 14, 2011 letter to the

Plaintiffs was not intentional and was the result of a good faith mistake. *See Reichart v. Nat'l Credit Systems, Inc.*, 531 F.2d 1002, 1006 (9th Cir. 2008) (discussing the bona fide error defense to an FDCPA claim). Even if there were a violation, Plaintiffs would only be entitled to the maximum $1,000 statutory damage provision total, rather than on a per violation basis. Courts have uniformly agreed that the maximum allowable statutory award is $1,000 regardless of the number of violations proven in a given case. *See McCollough v. Johnson, Rodenburg & Lauinger, LLC,* 637 F.3d 939, 948 (9th Cir. 2011); *Wright v. Finance Service of Norwalk, Inc*., 22 F.3d 647 (6th Cir. 1994); *Harper v. Better Business Services, Inc.*, 961 F.2d 1561, 1563 (11th Cir. 1992). Additionally, Plaintiffs have not suffered actual damages as a result of anything T&B did with regard to Plaintiffs' home loan. T&B did not do anything to prevent Plaintiffs from paying off their loan (as Plaintiffs contend they would have done), and T&B took no formal action against Plaintiffs other than sending the letter notifying Plaintiffs that a non-judicial foreclosure would be pursued unless Plaintiffs cured the default on their mortgage. T&B further contends that Plaintiffs' representation to this Court at the first Rule 16 Scheduling Conference that they had been escrowing or otherwise reserving funds sufficient to pay off or return their mortgage to current status was inaccurate. Plaintiffs have, since 2010, engaged in a pattern of behavior and litigation designed to prevent foreclosure in spite of their lack of payment on their mortgage. T&B further contends that punitive damages are not available here because there is no evidence, and no legitimate argument, that T&B acted recklessly, with spite or will ill-will. *Sellinger v. Freeway Mobile Home Sales, Inc.*, 110 Ariz. 573, 577, 521 P.2d 1119, 1123 (1974).

**3. The factual and legal issues genuinely in dispute, and whether they can be narrowed by stipulation or motion.**

The issues in dispute are whether T&B is a "debt collector" engaged in the collection of a debt within the meaning of the FDCPA, whether T&B made any false, deceptive, or misleading representation in connection with the collection of a debt, and whether or to

what extent Plaintiffs suffered actual damages as a result of T&B's communications. T&B believes that all of these issues might be narrowed by a motion for summary judgment.

**4.      The jurisdictional basis of the case, citing specific statutes.**

This action arises under the FDCPA, 15 U.S.C. § 1692, *et seq*. Plaintiffs originally filed this action in the Superior Court of the State of Arizona in and for Maricopa County. Defendant Tiffany & Bosco, P.A., removed the case to the United States District Court for the District of Arizona. This court's subject matter jurisdiction is based on 28 U.S.C. §§ 1331, 1367 and 1441(a). A substantial part of the acts, omissions, and events giving rise to the claims stated herein occurred in this judicial district and the Defendant is subject to the personal jurisdiction of this Court in accordance with Arizona and federal law and the Federal Rules of Civil Procedure. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

**5.      Parties, if any, which have not been served, as well as parties which have not filed an answer or other appearance, including fictitious parties.**

The Defendant has been served and has made an appearance. At this time, no fictitious parties have been specifically named or served because discovery has not yet commenced and Plaintiffs have been unable to ascertain the same.

**6.      The names of parties not subject to the Court's jurisdiction.**

None.

**7.      Whether there are dispositive or partially dispositive issues to be decided by pretrial motions, and the legal issues about which any pretrial motions are contemplated**.

Motions for summary judgment on the issues may be appropriate for both parties once discovery commences. A motion to dismiss filed by Defendant Tiffany & Bosco based on the pleadings alone was denied by the Court. T&B intends to file a motion for summary judgment demonstrating that there is no genuine issue of fact whether T&B is a debt collector under the FDCPA and whether T&B's communications to Plaintiff were false or misleading, or in connection with the collection of a debt. T&B will also seek summary

11

judgment against Plaintiffs on the ground that they have suffered no actual damages, and that punitive damages are not appropriate.

Plaintiffs intend to file a cross-motion for summary judgment on the FDCPA claims, a strict liability statute providing for statutory penalties as well as actual damages. Plaintiffs also intend to amend the Complaint to add their claims for the documents T&B recorded in violation of Arizona Revised Statute §33-420(A)-(D).

**8. Whether the case is suitable for reference to arbitration, a special master or to a United States Magistrate Judge.**

The parties do not request referral to arbitration, a master, or a Magistrate Judge at this time, but reserve the right to request the same.

**9. The status of related cases pending before other judges of this Court or before other courts.**

The parties are aware of no related cases.

**10. Suggested changes, if necessary, in the timing, form, or requirement for disclosures under Rule 26(a), Federal Rules of Civil Procedure, including a statement of when Initial Disclosures were made or will be made.**

No changes.

**11. Proposed deadlines**

      **a.** Fact Discovery Cutoff: January 24, 2014.

      **b.** Disclosure of Expert Testimony: January 10, 2014.

      **c.** Completion of Expert Depositions: February 14, 2014.

      **d.** Dispositive Motion Deadline: March 28, 2014.

      **e.** All parties shall have engaged in good faith settlement talks by: April 25, 2014.

**12. The scope of discovery and whether discovery should be conducted in phases or should be limited to or focused upon particular issues.**

T&B does not anticipate the need for discovery phases. T&B intends to conduct discovery into Plaintiffs' theory of damages, especially as it relates to Plaintiffs' alleged

inability to pay off their home loan due to T&B's alleged violation of the FDCPA. To this end, T&B is entitled to conduct discovery regarding Plaintiffs' financial resources during the time period that Plaintiffs put at issue in this lawsuit: from June 2010 until present day. Plaintiff objects to Defendants' wide scope of "damage" discovery, and asserts that it is a witch hunt, designed to harass and annoy and for no legitimate evidentiary purpose. The FDCPA provides statutory damages. In addition, Plaintiffs have produced two investment account statements evidencing that they had the funds to pay the note during the relevant time period that T&B was contacting them with the violative communications.

Plaintiffs still seek discovery of the written notice from the Lender to the Trustee "of the occurrence of an event of default and of Lender's election to cause the Property to be sold" pursuant to paragraph 22 of the Deed of Trust. This document is not privileged, as it is a requirement of Plaintiffs' Deed of Trust, to which Plaintiffs are a party. To the contrary, the written notice requirement is one of the few, important safeguards for Plaintiffs in their Deed of Trust, which is to be strictly construed in Plaintiffs' favor. The document cannot be privileged, as the Trustee is supposed to be a "common agent of both parties," and to owe a duty to both the Trustor (Plaintiffs) and the Beneficiary. The Trustee cannot hide this document under a claim of privilege as the Trustee would have a significant conflict in representing the Beneficiary for this purpose. "Unwarranted reliance on a client is not a procedure to avoid error" under the FDCPA. *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948-49 (9th Cir. 2011). Plaintiffs' position is that the document should be produced without qualification.

Plaintiffs seek discovery of a current payoff amount, and a current reinstatement amount, to the extent T&B claims to be the trustee on this account, for damages calculations.

**13. Suggested changes, if any, in the limitations on discovery imposed by the Federal Rules of Civil Procedure.**

None.

**14. Estimated date that the case will be ready for trial, the estimated length of trial, and any suggestions for shortening the trial**.

Three (3) days. T&B believes that the case will be ready for trial in April 2014, considering the timing on discovery and dispositive motions. Plaintiffs believes that the case will be ready for trial in May 2014.

**15. Whether a jury trial has been requested and whether the request for a jury trial is contested.**

Plaintiffs have requested a jury trial. T&B does not contend this.

**16. The prospects for settlement, including any request to have a settlement conference before another United States Magistrate Judge or District Court Judge, or other request of the court for assistance in settlement efforts.**

Plaintiffs and Defendants would be amenable to a settlement conference before another U.S. District Court Judge or Magistrate Judge.

**17. In class actions, the proposed dates for class certification proceedings and other class management issues.**

Not applicable

**18. Whether any unusual, difficult, or complex problems or issues exist which would require this case to be placed on the complex track for case management purposes.**

Not applicable.

**19. Any other matters which counsel fee will aid the Court in resolving this dispute in a just, speedy, and inexpensive manner.**

None.

DATED: September 16, 2013

OSBORN MALEDON

s/ Beth K. Findsen                             s/ Chelsea Sage Durkin
Beth K. Findsen                                William Maledon
*Attorney for Plaintiffs*                      Chelsea Sage Durkin
                                               2929 North Central Avenue, Suite 2100
                                               Phoenix, AZ 85012-2794
                                               *Attorney for Defendant*

14

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 16, 2013, the attached document was electronically transmitted to the Clerk of the Court using the CM/ECF System which will send notification of such filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

Upon receipt of the Notice of Electronic Filing, a copy of the attached document and Notice of Electronic Filing will be hand delivered to the Honorable Stephen M. McNamee.

s/ Sara C. Sanchez

5079416v1