1  Beth K. Findsen (023205)
   Law Office of Beth K. Findsen, PLLC
2  7279 East Adobe Drive, Suite 120
   Scottsdale, AZ 85255
3  (480) 584-6664
   beth@findsenlaw.com
4  *Attorney for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**

**IN AND FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| MARC J. FINDSEN and BETH K. FINDSEN, | Case No. 2:12-cv-02349-SMM |
| Plaintiffs, | **REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER** |
| v. | |
| TIFFANY & BOSCO, P.A. | |
| Defendant. | |

Plaintiffs, Marc J. Findsen and Beth K. Findsen ("Plaintiffs'") have moved for a protective order under Fed. R. Civ. P. 26(c)(1) to restrict Defendant, Tiffany & Bosco, PA ("T&B") from a broad-scale inquisition of Plaintiffs' personal finances at their depositions. T&B wants three years of tax returns, bank accounts, and other personal information to defend an FDCPA claim. T&B does not agree to restrict its financial questions to those relating to evidence that Plaintiffs will need to assert in order to recover actual damages.

Instead, T&B argues that a three-year financial inquisition is justified based on (1) Plaintiffs' damage claims under the FDCPA; (2) its false belief that Plaintiffs were not entitled to know the name of their creditor under the FDCPA, and (3) to try to scare up evidence that T&B is justified in denying statutorily required information based on T&B's subjective belief that Plaintiffs did not intend to pay off their note. [Doc. 37]. In so doing,

-1-

T&B does not even seem to realize that Plaintiffs were paying National City Mortgage until it refused payment, during several months of the time frame that Plaintiffs began asking for creditor information.

Plaintiffs' statutory damage claims are not dependent upon their <u>reason for requesting</u> information that T&B was required to give them. Statutory damages are available for violations of the FDCPA, "there is no indication in the statute that award of statutory damages must be based on proof of actual damages." *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 780 (9th Cir. 1982)("The statute clearly specifies the total damage award as the sum of the separate amounts of actual damages, statutory damages, and attorney fees.").

Plaintiffs also pled actual damages because from October 2011 until the present, T&B has actively concealed the name of the actual creditor who would be the "Note Holder" under their Note, and the Lender's successor under their Deed of Trust. From the time of T&B's involvement in the deception, late charges, interest charges and other damages have accrued. Plaintiffs' damages include an amount representing the difference between the reinstatement figure in October 2011 and the reinstatement figure now. As T&B's own debt collection letter stated, late fees and other charges accrued after T&B refused to name the Lender, continuing to insist on payment to PNC, an agent for an undisclosed principal. PNC was not their Lender (as defined in the Deed of Trust) or their Note Holder (as defined in the Note).

T&B *knows* the reinstatement figure it quoted earlier, and can obtain a current reinstatement figure (from wherever and whomever it drummed up the other one) even more easily than Plaintiffs can. T&B does not need Plaintiffs' tax returns to do so.

For actual damages, FDCPA damages can and have included such measures as the difference between the present discounted value of a debtor's note and the permanent loan modification, (2) the increased expenses associated with a cure; (3) the damage to a homeowner's credit rating; or (4) the loss of the advantage of the "efficient breach." *Rich v. Bank of America, N.A., et al.*, 2-11-cv-00511, at pp. 23-24 (D. Ariz. July 8, 2013).

1    T&B relies on a "no causation" argument for Plaintiffs' actual damages to justify full-bore discovery into Plaintiffs' personal finances. T&B theorizes that T&B's misrepresentations did not cause Plaintiffs to incur late fees and additional charges, because Plaintiffs would <u>not</u> have otherwise paid the Note, despite all record evidence of Plaintiffs' efforts to do just that, followed byNational City's return of Plaintiffs' last check, and PNC's subsequent disclaimer of any ownership interest in the Note or Deed of Trust, disclaimed by PNC in litigation. T&B posits that Plaintiffs were on some self-destructive course to "avoid their mortgage obligations" and "forestall foreclosure. [Doc. 37, 3:27].

Because no evidence supports T&B's hackneyed theory, T&B wants to conduct an inquisition. Yet even if T&B obtained information that Plaintiffs had too much money, or too little money (one can surmise that whatever was discovered would be unfavorably skewed), such evidence is not probative of whether Plaintiffs had asked for the name of their creditor, and T&B had failed to give it, on numerous occasions, not just on the occasion of the October 2011 letter, but thereafter. And as a result, the late charges and interest payments continued to accrue.

And the law is clear that Plaintiffs were entitled to know the identity of their creditor under the FDCPA. "To preserve the protections and policies of the FDCPA, it is important to know the proper identity of the creditor. Knowing a creditor's identity allows the 'least sophisticated consumer' to make more informed decisions on how to communicate with the creditor and avoid being misled." *Isham v. Gurstel, Staloch & Chargo, P.A.,* 738 F.Supp.2d 986, 996 (D.Ariz.2010).

T&B would not agree to limit the deposition to a reasonable scope for the financial questions. Therefore, Plaintiffs request that the Court enter a protective order to protect them from harassment and invasion of privacy. Plaintiffs ask that T&B not be allowed to question them on their personal finances, a matter unrelated to whether T&B violated the

///

///

strict liability statute.

DATED this 19th day of September, 2013.

THE LAW OFFICES OF BETH K. FINDSEN, PLLC


By: Beth K. Findsen
Beth K. Findsen (023205)
7279 E. Adobe Drive Ste. D120
Scottsdale, Arizona 85255
*Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that this was e-filed on the official Arizona District Court's electronic filing system on September 19, 2013, with copies sent to all parties of record including:

William J. Maledon
Chelsea Sage Durkin
OSBORN MALEDON, P.A.
2929 North Central Avenue, Suite 2100
Phoenix, Arizona 85012-2794
Attorney for Tiffany & Bosco, PA

By: /s/Beth K. Findsen